**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| JERRY SINGLETARY, Individually and on behalf of those Similarly Situated, | **Case No.** |
| v. | Class and Collective Action |
| AECOM and AMENTUM SERVICES, INC., | Jury Trial Demanded |

### PETITION AND MOTION TO CONFIRM ARBITRATION AWARD

#### SUMMARY

1. Plaintiff Jerry Singletary on behalf of himself as well as all of those similarly situated (collectively, "Claimants"), and AECOM and Amentum Services, Inc. (collectively "Respondents") (together with Claimants, the "Parties") move this Court, pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1-16, to confirm an arbitration award rendered against Respondents in the Parties' binding arbitration proceeding styled *Singletary v. AECOM, et al.* Private Arbitration (the "Arbitration").

#### JURISDICTION & VENUE

2. This court has original jurisdiction over this action or proceeding to grant relief under the FAA, and pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs).

3. This Court also has federal question subject matter jurisdiction under 29 U.S.C. § 1331 because the underlying claim involves a federal question. *See* Ex. 1.

1

4. Venue is proper because the Parties have agreed to bring this action in this District and Division.

## PARTIES

5. Singletary was an hourly employee of AECOM/Amentum in Washington.

6. AECOM is a multinational corporation with headquarters in Los Angeles, California. AECOM may be served with process by serving its attorney.

7. Amentum purchased a part of AECOM's business units and is liable for the pay practice alleged by some Claimants. Amentum can be served with process by serving its attorney.

## ARBITRATION AGREEMENT AND AWARD

8. Respondents were a party to a Fair Labor Standards Act (FLSA) lawsuit. Ex. 1.

9. As detailed in Exhibit 1, the disputes underlying this petition, were brought by Claimants on behalf of a class of hourly employees defined as:

> **All hourly employees of AECOM and Amentum, including any of their wholly owned business units or subsidiaries, who were, at any point from February 8, 2016 to the present, paid "straight time for overtime."**

10. Claimants' chief complaint was that Respondents failed to pay these employees overtime as required by the FLSA.

11. Claimants maintained that they were hourly employees who were paid straight time for overtime and were not guaranteed a salary. Therefore, no white collar exemptions applied.

12. After 4 mediations, the Parties reached a confidential settlement. Ex. 2 (filed under seal).

13. The Parties dismissed the lawsuit and agreed to arbitrate the claims of Plaintiffs and the Putative Class Members. Ex. 3.

14. The Parties agreement to arbitrate these claims is valid, has not been revoked, and is enforceable.

15. On March 10, 2022, the Arbitrator granted the Parties' Motion for Approval of the confidential settlement reached by the Parties and issued a Final Award Granting Final Approval of the Class and Collective Settlement (the "Award"). Ex. 4 (filed under seal).

16. The Award was made in accordance with the terms and provisions of the Parties' written agreement.

17. The Parties now seek a Judgment confirming the Award.

### THIS COURT CAN CONFIRM THE AWARD

18. "It is well established that the FAA is not an independent grant of federal jurisdiction." *Smith v. Rush Retail Centers, Inc.,* 360 F.3d 504, 505 (5th Cir.), *cert. denied*, 543 U.S. 876, 125 S.Ct. 100, 160 L.Ed.2d 127 (2004). Therefore, "for a federal court to enter an order to compel arbitration under § 4, 'there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.' " *Id.*; *see also DIRECTV, LLC v. Arndt,* 546 F. App'x 836, 839 (11th Cir. 2013) (Finding that the District Court had jurisdiction under the FAA to adjudicate the arbitration award because the underlying claim involved the FLSA, which involves a federal

question.); *Discover Bank v. Vaden,* 396 F.3d 366, 369 (4th Cir. 2005) (holding that a Federal Court possesses subject matter jurisdiction over a case for purposes of the FAA when the controversy underlying the arbitration agreement presents a federal question.)

19. Section 9 of the FAA provides that upon application of a party to an arbitration for an order confirming an arbitration award, a "court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." 9 U.S.C. § 9. The standard of review of an arbitration award under the FAA is extraordinarily narrow. *In re Arbitration Between Trans Chem. Ltd. & China Nat'l Mach. Import & Export Corp.*, 978 F.Supp. 266, 303 (S.D. Tex. 1997), *op. adopted*, 161 F.3d 314 (5th Cir. 1998). "Judicial review of arbitration awards is narrowly limited, and the FAA presumes that arbitration awards will be confirmed." *Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc.,* 146 F.3d 1309, 1312 (11th Cir. 1998); *see also Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 574, 133 S. Ct. 2064, 2071 (2013)(absent extreme circumstances, the arbitrator's award holds, "however good, bad, or ugly.").

**THE COURT SHOULD CONFIRM THE AWARD AND ENTER JUDGMENT**

The Court need not make a detailed inquiry. The Parties have provided the Court with copies of the settlement agreement and approval award from the Arbitrator to allow the Court to confirm that the arbitration award was not the product of corruption, fraud, undue means, or any other infirmity. Based on the foregoing, this Court has the power to confirm the Award and should do so. 9 U.S.C. § 9.

Respectfully Submitted,

By: /s/ *Richard M. Schreiber*
**Michael A. Josephson**
Fed. ID No. 27157
State Bar No. 24014780
**Andrew W. Dunlap**
Fed. ID No. 1093163
State Bar No. 24078444
**Richard M. Schreiber**
Fed. ID No. 705430
State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
adunlap@mybackwages.com
mjosephson@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR CLAIMANTS**